UNITED STATES DISTRICT COURT    FILED
WESTERN DISTRICT OF TEXAS    2013 OCT 23 PM 4: 13
EL PASO DIVISION
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **SUPERSEDING INDICTMENT** |
| Plaintiff, | § | Criminal No. EP-13-CR-01832-PRM |
| v. | § | COUNTS 1-4: 18 U.S.C. §§ 1591(a)(1), (2), and (b)(1) – Sex Trafficking by Force, Fraud, and Coercion |
| DEION LOCKHART (1), Also known as (a.k.a.) Memphis, | § | |
| | § | COUNT 5: 18 U.S.C. § 2 and §§ 1591 (a)(1), (2), and (b)(1) – Aiding & Abetting Sex Trafficking of Children |
| BRANDON SHAPIRO (2), Also known as (a.k.a.) Chicago, Also known as (a.k.a.) B'radd, | § | |
| | § | COUNT 6: 18 U.S.C. § 1591 (a)(1), (2), and (b)(1) – Sex Trafficking of Children |
| TAI VON LYNCH (3), Also known as (a.k.a.) Trigg, | § | |
| RICHARD GRAY (4), Also known as (a.k.a.) Crenshaw, | § | COUNT 7: 18 U.S.C. § 2422 (b) – Coercion and Enticement of a Minor |
| and, | § | COUNT 8: 18 U.S.C. § 1594 (c) Conspiracy to Sex Traffic Persons |
| EMMANUAL LOCKHART (5), Also known as (a.k.a.) E Jay, | § | COUNT 9-10: 18 U.S.C. § 2421 Transportation for Prostitution |
| Defendants. | § | **NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(18 U.S.C. § 1591(a)(1),(2) and (b)(1))**
**(Sex Trafficking By Force, Fraud, and Coercion)**

Beginning on or about August 1, 2012 and continuing through on or about September 30, 2012 in the Western District of Texas and elsewhere, Defendant,

**DEION LOCKHART (1),**
**a.k.a. Memphis,**

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, A.G., and did benefit financially from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, A.G., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination thereof, would be used to cause A.G., to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1),(2) and (b)(1).

## COUNT TWO
## (18 U.S.C. § 1591(a)(1),(2) and (b)(1))
## (Sex Trafficking By Force, Fraud, and Coercion)

Beginning on or about June 1, 2012 and continuing through on or about March 31, 2013 in the Western District of Texas and elsewhere, Defendant,

**TAI VON LYNCH (3),**
**a.k.a. Trigg,**

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, S.H., and did benefit financially from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person S.H., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination thereof, would be used to

cause S.H., to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1),(2) and (b)(1).

## COUNT THREE
## (18 U.S.C. § 1591(a)(1),(2) and (b)(1))
## (Sex Trafficking By Force, Fraud, and Coercion)

Beginning on or about July 21, 2013 and continuing through on or about July 28, 2013 in the Western District of Texas and elsewhere, Defendant,

## RICHARD GRAY (4)
## a.k.a. Crenshaw,

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, K.B., and did benefit financially from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, K.B., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination thereof, would be used to cause K.B., to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1),(2) and (b)(1).

## COUNT FOUR
## (18 U.S.C. § 1591(a)(1),(2) and (b)(1))
## (Sex Trafficking By Force, Fraud, and Coercion)

Beginning on or about May 1, 2012 and continuing through on or about December 31, 2012 in the Western District of Texas and elsewhere, Defendant,

## RICHARD GRAY (4)
## a.k.a. Crenshaw,

in and affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, L.A., and did benefit financially from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, L.A., knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination thereof, would be used to cause L.A., to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1),(2) and (b)(1).

## COUNT FIVE
## (18 U.S.C. §§2 and 1591(a)(1), (2), and (b)(2))
## (Aiding & Abetting Sex Trafficking of Children)

Beginning on or about August 1, 2012 and continuing through on or about September 30, 2012 in the Western District of Texas and elsewhere, Defendants,

**DEION LOCKHART (1),**
a.k.a. Memphis, and
**BRANDON SHAPIRO (2),**
a.k.a. Chicago,
a.k.a. B'radd,

and by others known and unknown to the grand jury, affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain a person, A.G., and did aid and abet the recruitment, enticement, harboring, transportation, providing, obtaining, and maintaining of a person, A.G., and did benefit financially from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, A.G., knowing and in reckless disregard of the fact that the person, A.G., had not attained the age of eighteen years (18) and knowing that A.G. would be caused to engage in a

commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1),(2), and (b)(2).

## COUNT SIX
## (18 U.S.C. §1591(a)(1),(2), and (b)(2))
## (Sex Trafficking of Children)

Beginning on or about May 1, 2012 and continuing through on or about August 27, 2012 in the Western District of Texas and elsewhere, Defendant,

### RICHARD GRAY (4)
### a.k.a. Crenshaw,

affecting interstate and foreign commerce, did knowingly recruit, entice, harbor, transport, provide, obtain and maintain a person, L.A., and did benefit financially from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, L.A., knowing and in reckless disregard of the fact that the person, L.A., had not attained the age of eighteen years (18) and knowing that L.A. would be caused to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1),(2), and (b)(2).

## COUNT SEVEN
## (18 U.S.C. § 2422(b))
## (Coercion and Enticement of a Minor)

Beginning on or about October 23, 2012 and continuing through on or about October 25, 2012 in the Western District of Texas and elsewhere, Defendant,

### BRANDON SHAPIRO (2),
### a.k.a. Chicago,
### a.k.a. B'radd

did use any facility of interstate and foreign commerce, to knowingly persuade, induce, entice and coerce and attempt to persuade, induce, entice and coerce any individual, H.G., who had not

attained the age of 18 years to engage in prostitution, all in violation of Title 18 United States Code Section 2422(b).

## COUNT EIGHT
## (18 U.S.C. § 1594(c))
## (Conspiracy To Sex Traffic Persons)

Beginning on or about May 1, 2012 and continuing through on or about March 31, 2013 in the Western District of Texas and elsewhere, Defendants,

**DEION LOCKHART (1),**
a.k.a. Memphis,
**BRANDON SHAPIRO (2),**
a.k.a. Chicago,
a.k.a. B'radd,
**TAI VON LYNCH (3),**
a.k.a. Trigg,
**RICHARD GRAY (4)**
a.k.a. Crenshaw, and
**EMMANUAL LOCKHART (5),**
a.k.a. E Jay,

together with others, both known and unknown to the Grand Jury, knowingly conspired, combined, confederated and agreed with each other and others known and unknown to the Grand Jury, to commit certain offenses and violate certain laws of the United States, to wit:

a) To knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain and maintain persons, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, or any combination thereof, would be used to cause the person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1);

b) To knowingly benefit, financially or by receiving anything of value, from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing and maintaining persons, in and affecting interstate

commerce, knowing or in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, or any combination thereof, would be used to cause the person to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591 (a)(2) and (b)(1);

c) To knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain and maintain persons, knowing and in reckless disregard of the fact that the persons, had not attained the age of eighteen years (18) and knowing that the persons would be caused to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2);

d) To knowingly benefit, financially or by receiving anything of value, from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing and maintaining persons, in and affecting interstate commerce, knowing and in reckless disregard of the fact that the persons, had not attained the age of eighteen years (18) and knowing that the persons would be caused to engage in a commercial sex act as defined in Title 18, United States Code, Section 1591(e)(3), all in violation of Title 18, United States Code, Sections 1591(a)(2) and (b)(2);

All in violation of Title 18, United States Code, Section 1594(c).

### COUNT NINE
### (18 U.S.C. § 2421)
### (Transportation for Prostitution)

Beginning on or about September 1, 2012 and continuing through on or about December 31, 2012, in the Western District of Texas and elsewhere, Defendants,

**BRANDON SHAPIRO (2),**
a.k.a. Chicago,
a.k.a. B'radd, and
**TAI VON LYNCH (3),**
a.k.a. Trigg,

did knowingly transport an individual, S.H., in interstate and foreign commerce with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421.

### COUNT TEN
### (18 U.S.C. § 2421)
### (Transportation for Prostitution)

On or about September 20, 2012 in the Western District of Texas and elsewhere, Defendant,

**RICHARD GRAY (4)**
a.k.a. Crenshaw,

did knowingly transport an individual, L.A., in interstate and foreign commerce with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421.

### NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE

1. Upon conviction of one or more of the offenses alleged in Counts One, Two, Three, Four, Five, Six, and Eight of this **Superseding Indictment**, Defendants,

**DEION LOCKHART (1),**
a.k.a. Memphis,
**BRANDON SHAPIRO (2),**
a.k.a. Chicago,
a.k.a. B'radd,
**TAI VON LYNCH (3),**
a.k.a. Trigg,
**RICHARD GRAY (4),**
a.k.a. Crenshaw, and
**EMMANUAL LOCKHART (5),**
a.k.a. E Jay,

shall forfeit to the United States, pursuant to 18 U.S.C. § 1594(d), any and all property, real and personal, that was used or intended to be used to commit or to facilitate the commission of the offenses, and pursuant to 18 U.S.C. § 1594(d), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any and all property, real and personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses.

2. Upon conviction of one or more of the offenses alleged in Counts Seven, Nine, and Ten of this **Superseding Indictment**, Defendants,

**BRANDON SHAPIRO (2),**
a.k.a. Chicago,
a.k.a. B'radd,
**TAI VON LYNCH (3),**
a.k.a. Trigg, and
**RICHARD GRAY (4),**
a.k.a. Crenshaw

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428(a), any and all property, real and personal, that was used or intended to be used to commit or to facilitate the commission of the offenses, and pursuant to 18 U.S.C. § 2428(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any and all property, real and personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses.

## Substitute Assets Provision

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said Defendants up to the value of the above forfeitable property.

A TRUE ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
GRAND JURY FOREPERSON

ROBERT PITMAN
United States Attorney

By _____
Assistant United States Attorney